UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSEF GORRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-319-T |
| | ) | |
| THE UNIVERSITY OF RHODE ISLAND, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER AND JURY CLAIM**

Now comes the University of Rhode Island ("URI") and Answers the Complaint in this matter, according to the numbered paragraphs, as follows:

## I. INTRODUCTION

1. This paragraph makes no factual allegation to which a response is required. To the extent that anything contained within this paragraph could result in liability on the part of URI, such allegation is denied.

## II. JURISDICTION

2. This paragraph makes no factual allegation to which a response is required. To the extent that anything contained within this paragraph could result in liability on the part of URI, such allegation is denied.

## III. VENUE

3. This paragraph makes no factual allegation to which a response is required. To the extent that anything contained within this paragraph could result in liability on the part of URI, such allegation is denied.

## IV. RIGHT TO SUE

4. URI neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of URI, such allegation is denied.

5. URI neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to

4

the extent that any allegation contained in this paragraph could create liability on the part of URI, such allegation is denied.

6. URI neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of URI, such allegation is denied.

## V. FACTS

7. URI is without sufficient information to admit or deny this paragraph, but believes it to be true.

8. URI is without sufficient information to admit or deny this paragraph, but believes it to be true.

9. URI is without sufficient information to admit or deny this paragraph, but believes it to be true.

10. URI neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of URI, such allegation is denied.

11. Denied.

12. URI neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of URI, such allegation is denied.

13. URI neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of URI, such allegation is denied.

14. URI neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of URI, such allegation is denied.

15. URI neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of URI, such allegation is denied.

16. URI neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of URI, such allegation is denied.

17. URI neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to

the extent that any allegation contained in this paragraph could create liability on the part of URI, such allegation is denied.

18. URI neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of URI, such allegation is denied.

19. URI neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of URI, such allegation is denied.

20. URI neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of URI, such allegation is denied.

21. URI neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of URI, such allegation is denied.

22. URI neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of URI, such allegation is denied.

23. URI neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of URI, such allegation is denied.

24. URI neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of URI, such allegation is denied.

25. URI neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of URI, such allegation is denied.

26. Denied as stated.

27. Denied.

## COUNT I (R.I. FEPA)

28. URI incorporates its responses to paragraphs 1 through 27 as if set forth here.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

**Prayer for Relief**

Denied that Plaintiff is entitled to the relief sought.

**COUNT II (RI CRA)**

34. URI incorporates paragraphs 1 through 33 as if set forth here.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

**Prayer for Relief**

Denied that Plaintiff is entitled to the relief sought.

**COUNT III (ADEA)**

39. URI incorporates paragraphs 1 through 38 as if set forth here.

40. Denied.

41. Denied.

42. Denied.

43. Denied

**Prayer for Relief**

Denied that Plaintiff is entitled to the relief sought.

**COUNT IV (Title VII)**

44. URI incorporates paragraphs 1 through 43 as if set forth here.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

**Player for Relief**

Denied that Plaintiff is entitled to the relief sought.

***DEFENDANT CLAIM TRIAL BY JURY ON ALL ISSUES SO TRIABLE***

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The University of Rhode Island is not an entity which may be sued in its own right.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims, or some of them, are barred by the failure to exhaust administrative remedies, including, but not limited to the extent that the claims exceed the scope of any administrative complaint or charge.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, or some of them, are barred by applicable statutory or regulatory provisions limiting the time in which claims may be made and/or by the equitable doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, or some of them, are barred by provisions contained in one or more collective bargaining agreements to which Plaintiff may have been a party through his union affiliation, which collective bargaining agreement provisions may provide the sole and exclusive remedy for some or all of Plaintiff's claims.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, or some of them, are barred by his failure to proceed through and exhaust URI's internal investigation, complaint and compliance procedures.

**SEVENTH AFFIRMATIVE DEFENSE**

URI used reasonable care to prevent and correct any discrimination, including providing reasonable policies containing complaint procedures that were disseminated to employees and Plaintiff unreasonably failed to make a complaint under the policy and/or to avoid harm otherwise.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, or some of them, are barred, because not timely filed.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, in whole or in part, are barred by his failure to mitigate damages.

**TENTH AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

The University of Rhode Island,
By its attorneys,

Date: 9/17/04

Timothy J. Dodd (Jr)

Timothy J. Dodd, Esq. (#3150)
215 Broadway
Providence, R.I. 02903
Telephone: (401)272-3900
Facsimile: (401)331-1440

Date: 9/17/04

Jeffrey S. Michaelson, Esq. (#3299)
Michaelson & Michaelson
P.O. Box 622
North Kingstown, R.I. 02852
Telephone: (401) 295-4330
Facsimile: (401) 885-7199

## CERTIFICATION

I hereby certify that a true and accurate copy of the foregoing document was mailed, by regular mail, postage prepaid, on this 17 day of Sept, 2004, to the following attorney(s) of record:

David S. Cass
194 Waterman Street
Providence, R.I. 02906

Sandra A. Lanni
General Counsel
R.I. Board of Governors for Higher Ed.
301 Promenade Street
Providence, R.I. 02903

______________________________