UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOSEF GORRES, )
)
Plaintiff, )
)
v. ) C.A. No. 04-319-T
)
THE UNIVERSITY OF RHODE ISLAND, )
)
Defendant. )

**MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

Now comes the University of Rhode Island ("URI") moves that the Court enter the Protective Order agreed to between the parties concerning confidential information to be disclosed during discovery and as otherwise set forth in the Protective Order. A copy of the Stipulated Protective Order is attached hereto.

In support of this Motion, URI states as follows:

1. This matter is an employment discrimination claim brought by Plaintiff against the University of Rhode Island.

2. Discovery in this matter relates to, *inter alia*, the identity and other personal information regarding applicants for a position at URI, as well as similar information regarding certain employees of URI.

3. URI is not aware of whether other applicants for positions at URI notified their existing employers of their application to URI or whether they expect/desire that their applications remain confidential. In addition, URI believes it appropriate to maintain confidentiality of personal information regarding URI employees.

4. The parties recognize, however, that due and appropriate discovery in this matter includes

8

matters which URI believes should remain confidential and, potentially, information which Plaintiff may disclose which, likewise, should remain confidential.

5. The parties have agreed to the terms of a Protective Order, subject to the Court's approval which the parties believe will permit appropriate discovery while, at the same time, afford reasonable protection to confidential information.

6. URI believes that, under the circumstances, a Memorandum of Law is not required with this Motion, but will provide one if the Court desires.

WHEREFORE, the University of Rhode Island respectfully prays that the original Protective Order submitted herewith be entered by the Court.

Respectfully submitted,
The University of Rhode Island,
By its attorneys,

Date: 1/17/05

Timothy J. Dodd (JR)

Timothy J. Dodd, Esq. (#3150)
215 Broadway
Providence, R.I. 02903
Telephone: (401)272-3900
Facsimile: (401)331-1440

Date: 1/17/05

Jeffrey S. Michaelson, Esq. (#3299)
Michaelson & Michaelson
P.O. Box 622
North Kingstown, R.I. 02852
Telephone: (401) 295-4330
Facsimile: (401) 885-7199

2005 JAN 18 P 1:12

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSEF GORRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-319-T |
| | ) | |
| THE UNIVERSITY OF RHODE ISLAND, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PROTECTIVE ORDER**

Plaintiff and Defendant, through their respective counsel, stipulate and agree, pending further Order of the Court, that the following procedures designed to assure the protection of confidential information not already in the public domain due to a designating party's voluntary publication shall govern any discovery, including discovery from nonparties, in this action.

1. Any signatory hereto may designate as "Confidential" any document produced in this action (whether pursuant to a formal discovery request or otherwise), Answers to Interrogatories, or portions thereof, documents marked as an exhibit at any deposition taken in this action, and/or the portion of any transcript of any deposition (or portions thereof) taken in this action. Such documents, information and transcripts so designated are hereinafter referred to as "Confidential Information."

2. With respect to any document to be produced or interrogatory answer given, any designation of confidentiality shall be made prior to the date on which the document is produced or answer given by placing upon it a legend stating "Confidential." With respect to any deposition exhibit or transcript (or portions thereof), a confidential designation shall be made on the record at the deposition or within thirty (30) days of receipt of the deposition transcript or thirty (30) days from the to of this Order, whichever is later, and the transcript (or portions thereof') of such deposition shall be so marked.

3. Subject to paragraphs 4, 5 and 6 below, Confidential Information designated "Confidential" may be shown, or its contents disclosed, to the following persons and the following persons only:

   (a) the parties to this case,
   (b) counsel of record, general counsel and office personnel employed and assisting them in this case;
   (c) representatives of the R.I. Board of Governors for Higher Education or the University of Rhode Island who are directly involved in this litigation, or preparation for

litigation of this case or who are in a position to make decisions regarding the progress of litigation;

(d) witnesses testifying in this action either in discovery or at trial;

(e) any expert, investigator or consultant retained by counsel in connection with this case;

(f) the Court before which this case is pending;

(g) any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

(h) The insurance carrier that provides coverage in this case, if any;

(i) Representatives of the Human Resource Department or supervisory personnel or other personnel at the University who have a need to know the information Confidential Information;

(j) Auditors or other individuals, to whom a party may be required to provide reports.

4. Any pleading, brief, or other document which refers to or incorporates any Confidential Information shall be filed with the Court in this case under seal, if permitted by the Court.

5. Confidential Information, or any information derived therefrom, shall be used or disclosed solely for the purpose of assisting counsel of record in connection with this litigation and not for other litigation, competitive, business or any other purpose whatsoever without the approval of the other party. Not withstanding the foregoing, The University of Rhode Island is not precluded from using confidential information that has been disclosed pursuant to Paragraph 3 hereof to the extent that such material is pertinent to Plaintiff's current employment at the University of Rhode Island.

6. Counsel agrees to make all reasonable efforts to ensure compliance with this Protective Order. Any person referred to in paragraph 3(c-e, g-j) to whom any Confidential Information, or the contents thereof, is disclosed shall first execute a Declaration in the form attached hereto as Exhibit "A." Any Declaration executed pursuant to this paragraph 7 shall be retained by counsel and need not be disclosed to opposing counsel except pursuant to further order of the Court.

7. This Order is intended to protect information as to which there is no obligation owed other than confidentiality. Any signatory hereto shall have the right to object to any disclosure of information or production of any document it deems to be Confidential Information subject to this Order on any other ground it may deem appropriate pursuant to the Rules of Civil Procedure.

8. Any signatory hereto, upon duly noticed motion, may seek relief from, or modification of, this Order or challenge the designation of documents, information or transcripts as "Confidential."

9. If any Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall upon discovery of the disclosure immediately inform the party or person who designated the disclosed information of all facts pertinent thereto which, after due diligence and prompt investigation, are known

to the party responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

10. Upon the final determination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall either: (1) assemble and return all Confidential Information within their control or the control of those to whom they distributed any such information, including all copies thereof, to the designating party, or (2) certify in writing that all Confidential Information within their control or the control of those to whom they distributed any such information has been destroyed. Notwithstanding the foregoing, the parties may retain all pleadings, briefs and other documents containing their work product that refer to or incorporate Confidential Information and will continue to be bound by the terms of this Order with respect to any such information. Additionally, the defendant may retain any Confidential Information used by the defendant pursuant to paragraph 5, the last sentence, above and shall continue to be bound by the terms of this Order.

11. Filing with the Court any document or information that is subject to this protective order shall be considered a disclosure unless the document or information is filed under seal. No document or information may be filed under seal without prior authorization from the Court. The parties shall make every effort to avoid seeking to file documents or information under seal. Any order authorizing the filing of documents or information under seal or prohibiting the disclosure of information, shall be subject to review at the request of any party, any member of the public, or the Court *sua sponte*.

STIPULATED AND AGREED TO:

Josef Gorres,
By his attorney,

David S. Cass, #5044
194 Waterman Street
Providence, R.I. 02906

University of Rhode Island,
by its attorney

Jeffrey S. Michaelson (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)885-7199

ORDERED

ENTERED

Date:________________

**EXHIBIT A**

**AGREEMENT CONCERNING PROTECTED MATERIAL COVERED BY PROTECTIVE ORDER**

The undersigned hereby acknowledges that (s)he has read the "Protective Order" entered by the United States District Court for the State of Rhode Island, in the above-captioned action on ____________________, 200______, understands the terms thereof and agrees:

1. that (s)he shall fully abide by the terms thereof,

2. that (s)he shall not disclose Confidential Information to, or discuss Confidential Information with, any person who is not authorized pursuant to the terms of the Protective Order to receipt and disclosure of the same, and who has not signed an agreement as therein provided;

3. that (s)he shall not use said Confidential Information for any purpose other than the prosecution or defense of this litigation; and

4. that (s)he will be subject to the jurisdiction of the United States District Court for the State of Rhode Island for the purposes of compliance with, and sanction for noncompliance with, the terms of said Protective Order.

The undersigned has reviewed the following Protected Information:

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

Signature:______________________________

Name:_________________________________

Employer:______________________________

Title:__________________________________

Subscribed and sworn to before me in the County of ____________________, State of ____ ____________________ this ________ day of ________________________, 200____.

______________________________
Notary Public
My Commission Expires:____________

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing document was mailed, by regular mail, postage prepaid, on this 17 day of Jan, 2005, to the following attorney(s) of record:

+ By Fax

David S. Cass
194 Waterman Street
Providence, R.I. 02906

Sandra A. Lanni
General Counsel
R.I. Board of Governors for Higher Ed.
301 Promenade Street
Providence, R.I. 02903

______________________