**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

JOSEF GORRES

*vs.* C.A. No.: 04-319T

THE UNIVERSITY OF RHODE ISLAND

## MOTION TO COMPEL

NOW COMES the plaintiff in the above captioned matter and hereby move this Honorable Court for an order compelling the defendant to produce documents requested pursuant to Rule 34 of the Rules of Civil Procedure. In support hereof, defendants assert that a Plaintiff's Third Request for Production of Documents was served upon the defendant. See, Request for Production attached hereto (unexecuted copy). The defendant has objected to the requests stating that they are overly broad, unduly burdensome, excessive as to time and scope and not reasonably calculated to lead to the discovery of admissible information. See Objection, attached hereto. Additionally, the defendant asserts that the sought production would violate the protective order previously agreed between the parties and entered by this Court. Plaintiff asserts that each objection is misplaced. The specific requests and argument thereon are as follows:

1. Any and all documents relating or pertaining to any position search where the search was concluded without a hire within the last ten (10) years.

ARGUMENT: The defendant, in presenting its position, has argued that plaintiff's case is not unusual and that there are many instances wherein the position advertised for hire was left unoccupied and has presented that this was due to the fact that there were no appropriate hires for the position. The defendant has asserted that the plaintiff is not



16

appropriate for hire for the position even after approval of the search committee and approval of the department wherein the position was to be placed. Plaintiff seeks to review all of these instances to determine department approval of qualification and search committee approval of qualifications to determine the defendant's custom and practice for the determination of whether a candidate is qualified. The defendant has raised this issue thereby opening the door for the discovery. This is clearly appropriate and reasonably calculated to lead to the discovery of admissible evidence. The time period is not inappropriate and the information sought does not violate any provision of any prior order or agreement in this matter.

2. Any and all documents relating or pertaining to any position search where an applicant for the position was an internal candidate, being an employee of the university at the time of the application, within the last ten (10) years.

ARGUMENT: The defendant, in presenting its position, has argued that plaintiff's inclusion as a "qualified" candidate was based on having the search "rigged" in his favor from the determination of the positions requirements to the evaluations of the search committee and department. It has been posited by the defendant that bias due to the plaintiff's employment with the defendant was the reason for him getting as far as he did in the process. Plaintiff seeks to review all of these instances to determine the frequency of consideration and policy that existed for internal candidates. If the defendant intends to present this position to the Court, the plaintiff is entitled to the discovery sought. This is clearly appropriate and reasonably calculated to lead to the discovery of admissible evidence. The defendant has raised this issue thereby opening the door for the discovery. The time period is not inappropriate and the information sought does not violate any provision of any prior order or agreement in this matter.

3. Any and all documents that the defendant relies upon in asserting that the search for the position of terrestrial biogeochemist at issue in this matter was biased

toward the plaintiff, rigged, an "inside job" or in any way corrupted in the plaintiff's favor.

ARGUMENT: The defendant, in presenting its position, has argued that plaintiff's inclusion as a "qualified" candidate was based on having the search "rigged" in his favor from the determination of the positions requirements to the evaluations of the search committee and department. It has been posited by the defendant that bias due to the plaintiff's employment with the defendant was the reason for him getting as far as he did in the process. Plaintiff seeks production of any documents upon which the defendant relies in presenting this argument. This is clearly appropriate and reasonably calculated to lead to the discovery of admissible evidence. There in nothing unduly burdensome or inappropriate in this request. Further the information sought does not violate any provision of any prior order or agreement in this matter.

WHEREFORE, plaintiff respectfully requests this Honorable Court issue an order compelling the defendants to produce the documents requested within twenty days from the date this motion is granted/allowed.

Respectfully submitted:
JOSEF GORRES
By and through his attorney

David S. Cass, #5044
194 Waterman Street
Providence, RI 02906

**ATTORNEY'S CERTIFICATION**

The movant has made a good faith attempt to confer with the party failing to make discovery in an effort to secure the material without court action.

## CERTIFICATION

I hereby certify that I a true copy of the foregoing document was mailed, first class mail, postage prepaid this ~~3rd~~ 4th day of May 2005 to:

Jeffrey Michaelson, Esquire
Michaelson & Michaelson
P.O. Box 622
North Kingstown, RI 02852

Timothy Dodd, Esquire
215 Broadway
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

JOSEF GORRES

*vs.* C.A. No.: 04-319T

THE UNIVERSITY OF RHODE ISLAND

**PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO THE UNIVERSITY OF RHODE ISLAND**

This request for the production of documents is served in accordance with rule 34 of the Rules of Civil Procedure. Pursuant thereto, plaintiff requests that the original of each of the documents requested be provided for inspection and copying at the law offices of plaintiff's counsel. Original includes any copy of a requested document that has changes, notes, interlineations or other markings that add or subtract any word or group of words to or from the similar "original".

The term document includes photographs and electronic storage and communication formats including but not limited to emails.

Documents kept by electronic means, such as computer disk, magnetic medium, tape, drive or other storage means shall be produced by a copy of the electronically stored document in ASCII text, or other agreed to format.

1. Any and all documents relating or pertaining to any position search where the search was concluded without a hire within the last ten (10) years.

2. Any and all documents relating or pertaining to any position search where an applicant for the position was an internal candidate, being an employee of the university at the time of the application, within the last ten (10) years.

3. Any and all documents that the defendant relies upon in asserting that the search for the position of terrestrial biogeochemist at issue in this matter was biased toward the plaintiff, rigged, an "inside job" or in any way corrupted in the plaintiff's favor.

Respectfully submitted:
JOSEF GORRES
By and through his attorney

______________________

David S. Cass, #5044
194 Waterman Street
Providence, RI 02906

**CERTIFICATION**

I hereby certify that I a true copy of the foregoing document was mailed, first class mail, postage prepaid this _______ day of March 2005 to:

Jeffrey Michaelson, Esquire
Michaelson & Michaelson
P.O. Box 622
North Kingstown, RI 02852

Timothy Dodd, Esquire
215 Broadway
Providence, RI 02903

______________________

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

JOSEF GORRES

VS. C.A. #04-319T

THE UNIVERSITY OF RHODE ISLAND

**OBJECTION**

Now comes the Now comes the Defendant in the above matter and objects to Plaintiff's Third Request for Production of Documents.

In support of said Objection, Defendant states that said request is overly broad, unduly burdensome, and excessive as to time and scope, and not reasonably calculated to lead to discoverable information.

Additionally, Defendant objects to Plaintiff's Third Request for Production of Documents insofar as a response to said request would violate the Protective Order previously consented to Plaintiff and Defendant herein.

Defendant,
By its Attorney,

TIMOTHY J. DODD, ESQ. #3150
215 Broadway
Providence, RI 02903
(401) 272-3900 tel.
(401) 331-1440 fax

**CERTIFICATION**

I hereby certify that on this the 20th day of April, 2005, I mailed a true and correct copy of the within, via regular mail and postage prepaid to: Jeffrey Michaelson, Esq. Michaelson & Michaelson, P.O. Box 622, North Kingstown, RI 02852 and David S. Cass, Esq. 194 Waterman Street, Providence, RI 02906.