UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSEF GORRES, Plaintiff, | ) | |
| v. | ) | C.A. No. 04-319-T |
| THE UNIVERSITY OF RHODE ISLAND, Defendant. | ) | |

**UNIVERSITY OF RHODE ISLAND'S RESPONSE TO PLAINTIFF'S MOTION TO ALLOW MOTION TO AMEND OUTSIDE TIME LIMIT**

The University of Rhode Island hereby responds to Plaintiff's Motion to Allow Motion Outside of Time Requirements of the Pretrial Order, filed on or about August 11, 2005.

1. The Motion seeks leave to file a Motion to Amend the Complaint which, in effect, alleges that *both* the University of Rhode Island *and* the Board of Governors for Higher Education discriminated against him. The original Complaint limited itself to an allegation that the University of Rhode Island discriminated against him.

2. The Answer filed in this matter raised as an affirmative defense the legal argument that the "University of Rhode Island" was not an entity which could be sued.

3. The Answer, as well, contained an affirmative defense asserting that statutory exhaustion requirements had not been met.

4. Plaintiff's instant Motion notes that these defenses were raised at the time of the filing of the Answer, but asserts that the legal defenses were not "pressed" until recently. Respectfully, the defense was raised, as counsel recalls, not only in the Answer, but by counsel at the initial Conference on this matter and form a part of the defense of this

matter whether it proceeds to Summary Judgment or trial.

5. Plaintiff's assertion that the fact that the General Counsel of the Board of Governors entered her appearance in this matter does not take into account that that appearance was *on behalf of the named defendant*, the University of Rhode Island.

6. Most importantly, the proposed Amended Complaint appears to be legally unnecessary in light of Plaintiff's argument in its proposed Motion to Amend.[1] Plaintiff's argument, in a nutshell, appears to be that the "University of Rhode Island" and the "Rhode Island Board of Governors for Higher Education" are, legally speaking, one and the same and that, by naming one, Plaintiff has named the other. If that is correct, which the University of Rhode Island does not concede, then there is no need to amend the Complaint. Furthermore, regardless of how or whether the Complaint is amended, the Charge of Discrimination was nominally against the University of Rhode Island, and no amendment can change that fact. Thus, to the extent that the University seeks a legal judgment based upon the failure to exhaust remedies against the Board of Governors, that defense will exist irrespective of whether the Complaint is amended. If Plaintiff is able to establish that a Charge of Discrimination against the University legally constitutes a Charge against the Board of Governors, then no amendment is necessary. In sum, the legal issue which the proposed amendment seeks to address appears to exist independently of any proposed amendment and such an amendment will not, in any material respect, apparently alter the legal landscape.

---

[1] The University of Rhode Island does not address in detail, here, the legal arguments raised in Plaintiff's Motion to Amend, which is not currently ripe.

7. Defendant does not believe, given the nature of Plaintiff's Motion to Allow Motion Outside the Time Requirements of the Pretrial Order, that a Memorandum of Law is required with this pleading. However, if the Court desires such a Memorandum, Defendant will prepare and file such pleading.

Respectfully submitted,
The University of Rhode Island,
By its attorneys,

Date: 8/24/05

Timothy J. Dodd, Esq. (#3150)
215 Broadway
Providence, R.I. 02903
Telephone: (401)272-3900
Facsimile: (401)331-1440

Date: 8/24/05

Jeffrey S. Michaelson, Esq. (#3299)
Michaelson & Michaelson
P.O. Box 622
North Kingstown, R.I. 02852
Telephone: (401) 295-4330
Facsimile: (401) 195-5220

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing document was mailed, by regular mail, postage prepaid, on this 24 day of August, 2005, to the following attorney(s) of record:

David S. Cass
194 Waterman Street
Providence, R.I. 02906