**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

JOSEF GORRES

vs. C.A. No.: 04-319T

THE UNIVERSITY OF RHODE ISLAND

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO ALLOW MOTION OUTSIDE OF TIME REQUIREMENTS OF THE PRETRIAL ORDER

Plaintiff hereby responds to the defendant's response to plaintiff's Motion to Allow Motion Outside of Time Requirements of the Pretrial Order. Plaintiff accepts and agrees with the defendant's assertions of paragraphs 1 through 3 of its response.

Plaintiff disputes the assertions of paragraph 4 of its response. Plaintiff asserts that the defendant certainly did not press the legal defense at issue, the "naming" of the Board of Governors as opposed to the University of Rhode Island. The defendant itself asserted that the defense does not any factual matters in dispute. See Correspondence of defense counsel dated July 29, 2005, a copy is attached hereto. This is true as of the filing of the complaint and the filing of the answer in this matter. The defendant did not file a motion to dismiss and has not filed a motion for summary judgment within the time constraints of the pretrial order. Thereby, the defendant did not press the legal defense until such time as the plaintiff would require leave of Court to present the motion to amend the complaint.

Plaintiff takes issue with the assertions of the defendant paragraph 5 to the extent that the Board of Governors, the party that is sought to be added has been fully aware of

and involved in this matter from before the answer was filed. The capacity in which the Board of Governor's was involved is of no significance as it relates to their knowledge of the proceedings and a lack of prejudice to them upon amendment.

The factual and legal assertions of the defendant in paragraph 6 are in error. The defendant asserts that even if the sought amendment is allowed, the name on the Charge of Discrimination was the University of Rhode Island and the amendment will not cure that defect. This proposition is legal false. The naming requirement of Title VII allows the amendment to include the Board of Governors. In support of this position, the plaintiff incorporates by reference the Motion to Amend Complaint and Memorandum in Support of Motion to Amend Complaint which are proposed for filing if the present motion is granted, copies are attached hereto. As is referenced therein, in *Alvaredo v. Board Of Trustees of Montgomery College*, 848 F.2d 457 (4th Cir. 1988), the naming of the educational institution before the administrative body is sufficient for suit to be placed against the Board. By this, the naming requirement is met and the exhaustion of remedies defense as it may be presented regarding the naming of the defendant before the Commission for Human Rights and the Equal Employment Opportunity Commission fails.

Respectfully submitted:
JOSEF GORRES
By and through his attorney

David S. Cass, #5044
194 Waterman Street
Providence, RI 02906

CERTIFICATION

I hereby certify that I a true copy of the foregoing document was mailed, first class mail, postage prepaid this 29th day of August 2005 to:

Jeffrey Michaelson, Esquire
Michaelson & Michaelson
P.O. Box 622
North Kingstown, RI 02852

Timothy Dodd, Esquire
215 Broadway
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

JOSEF GORRES

vs. C.A. No.: 04-319T

THE UNIVERSITY OF RHODE ISLAND

**MEMORANDUM IN SUPPORT OF MOTION TO AMEND COMPLAINT**

Plaintiff moves this Honorable Court to grant the plaintiff leave to amend the complaint in this matter and accept the attached complaint as the complaint of record in this matter. In support hereof, the plaintiff asserts that the sought amendment seeks to add a party to the complaint to include the Rhode Island Board of Governors as a defendant.

The defendant University of Rhode Island has asserted that the Rhode Island Board of Governors is the proper defendant. The defendant relies on the statutory establishment of both entities to assert that the University of Rhode Island may not be sued. Plaintiff disagrees with the assertion of the University of Rhode Island. However, the inclusion of the Board of Governors as a party defendant should satisfy the claims of the defendant and will not in any way prejudice the added defendant.

The Board of Governors entered its appearance in this matter at the outset of the filings before this Court and acted as if it were the defendant. The Board of Governors cannot assert that it will be prejudiced by this late inclusion as it had entered its appearance on September 1, 2004. Additionally, the Board of Governors is the parent

entity for the University of Rhode Island and has had full access through the defendant the University of Rhode Island's counsel as well as their own counsel throughout this litigation. Further, the University of Rhode Island, before the Commissions, accepted its position as respondent without reference to the requirement that the Board of Governors be included. Certainly, General Counsel for the University of Rhode Island is the appropriate entity to make the assertion to the Commissions. By the statutory assertions of the University of Rhode Island, General Counsel is an agent and representative of the Board of Governors. Also supportive of plaintiff's position is the University's failure to make any equivalent argument regarding the proper party in a prior case before this Court and this very Judge. In *Hawksley v. The University of Rhode Island*, D.R.I., 03-312T, the Board of Governors defended the action against the University and did not raise the defense asserted herein. In all respects, the Board of Governors has acted as if all claims against the University of Rhode Island were claims against the Board of Governors, identical in practice. The University of Rhode Island and thereby the Board of Governors cannot now assert that it is legally different and not subject to suit or must admit that the Board of Governors should be allowed in as a defendant.

The Board of Governors, similarly, will not be prejudiced by the lack of specific naming of the proposed defendant in the proceedings before the Rhode Island Commission for Human Rights and the Equal Employment Opportunity Commission. Although the Board of Governors was not specifically "named" in the charge before the Commissions, the Board of Governors is identical with the University of Rhode Island. See, *Alvarado v. Board Of Trustees of Montgomery Community College*, 848 F.2d 457

(4th Cir. 1988). As the Board of Governors and the University are legally identical under the statutory framework asserted by the defendant University of Rhode Island, the naming requirement was satisfied in both Commission proceedings. The statutory relationship asserted by the defendant University of Rhode Island and the factual relationship in the papers presented to this Court also satisfy the "substantial identity" exception to the naming requirement. In *McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498 (1st Cir. 1996), the First Circuit recognized the "substantial identity" exception referenced in *Curran v. Portland Super. Sch. Committee*, 435 F.Supp 1063 (D.Maine 1977) and more fully stated in *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3rd Cir. 1977).

> *Glus* set forth four factors to consider in determining whether an unnamed party in the EEOC charge may still properly be a defendant in a subsequent Title VII action:
>
> > "1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests to the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party."
>
> 562 F.2d at 888.
>
> Significantly, none of the *Glus* factors is to be independently decisive. Rather, each criteria must be considered with respect to the purposes of Title VII and the interests of the parties. Glus v. G.C. Murphy Co., 629 F.2d 248, 251 (3d.Cir. 1980), *vacated on other grounds sub nom., Retail, Wholesale & Department Store Union, AFL-CIO v. G.C. Murphy,* 451 U.S. 935, 101 S.Ct. 2013, 68 L.Ed.2d 321 (1981).

*Sandom v. Travelers Mortg. Services, Inc.*, 752 F.Supp 1240, fn 8 (D.N.J. 1990).

The second, third and fourth factors of those set forth in *Glus* are satisfied in this matter. As addressed above, the defendant University of Rhode Island and the Board of Governors are legally identical thereby satisfying the second factor. The Board of Governors entry of its appearance in this matter from the outset of this court case, the deference of counsel for the Board of Governors to counsel hired by the Board to represent the University of Rhode Island, the representation of the University of Rhode Island by its General Counsel, an agent of the Board of Governors, before the Commissions as well as the University representations before the Commissions satisfy the third and fourth factor.

Based on the foregoing, the plaintiff respectfully requests this Honorable Court to grant leave to file an amended complaint in the form submitted herewith.

Respectfully submitted:
JOSEF GORRES
By and through his attorney

David S. Cass, #5044
194 Waterman Street
Providence, RI 02906

CERTIFICATION

I hereby certify that I a true copy of the foregoing document was mailed, first class mail, postage prepaid this 11th day of August 2005 to:

Jeffrey Michaelson, Esquire
Michaelson & Michaelson
P.O. Box 622
North Kingstown, RI 02852

Timothy Dodd, Esquire
215 Broadway
Providence, RI 02903