**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

JOSEF GORRES

vs. C.A. No.: 04-319T

THE UNIVERSITY OF RHODE ISLAND

**MOTION TO AMEND COMPLAINT**

NOW COMES the plaintiff in the above captioned matter and hereby moves this Honorable Court to grant the plaintiff leave to amend the complaint in this matter and accept the attached complaint as the complaint of record in this matter. In support hereof, the plaintiff asserts that the sought amendment seeks to add a party to the complaint to include the Rhode Island Board of Governors as a defendant. In support hereof, plaintiff hereby incorporates the Memorandum in Support of Motion to Amend submitted herewith

WHEREFORE, the plaintiff respectfully requests this Honorable Court to grant leave to file an amended complaint in the form submitted herewith.

Respectfully submitted:
JOSEF GORRES
By and through his attorney

David S. Cass, #5044
194 Waterman Street
Providence, RI 02906
(401) 272-2627
Fax: (401) 272-2708

## CERTIFICATION

I hereby certify that I a true copy of the foregoing document was mailed, first class mail, postage prepaid this 7th day of ~~August~~ September 2005 to:

Jeffrey Michaelson, Esquire
Michaelson & Michaelson
P.O. Box 622
North Kingstown, RI 02852

Timothy Dodd, Esquire
215 Broadway
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

JOSEF GORRES

vs. C.A. No.: 04-319T

THE UNIVERSITY OF RHODE ISLAND

**MEMORANDUM IN SUPPORT OF MOTION TO AMEND COMPLAINT**

Plaintiff moves this Honorable Court to grant the plaintiff leave to amend the complaint in this matter and accept the attached complaint as the complaint of record in this matter. In support hereof, the plaintiff asserts that the sought amendment seeks to add a party to the complaint to include the Rhode Island Board of Governors as a defendant.

The defendant University of Rhode Island has asserted that the Rhode Island Board of Governors is the proper defendant. The defendant relies on the statutory establishment of both entities to assert that the University of Rhode Island may not be sued. Plaintiff disagrees with the assertion of the University of Rhode Island. However, the inclusion of the Board of Governors as a party defendant should satisfy the claims of the defendant and will not in any way prejudice the added defendant.

The Board of Governors entered its appearance in this matter at the outset of the filings before this Court and acted as if it were the defendant. The Board of Governors cannot assert that it will be prejudiced by this late inclusion as it had entered its appearance on September 1, 2004. Additionally, the Board of Governors is the parent

entity for the University of Rhode Island and has had full access through the defendant the University of Rhode Island's counsel as well as their own counsel throughout this litigation. Further, the University of Rhode Island, before the Commissions, accepted its position as respondent without reference to the requirement that the Board of Governors be included. Certainly, General Counsel for the University of Rhode Island is the appropriate entity to make the assertion to the Commissions. By the statutory assertions of the University of Rhode Island, General Counsel is an agent and representative of the Board of Governors. Also supportive of plaintiff's position is the University's failure to make any equivalent argument regarding the proper party in a prior case before this Court and this very Judge. In *Hawksley v. The University of Rhode Island*, D.R.I., 03-312T, the Board of Governors defended the action against the University and did not raise the defense asserted herein. In all respects, the Board of Governors has acted as if all claims against the University of Rhode Island were claims against the Board of Governors, identical in practice. The University of Rhode Island and thereby the Board of Governors cannot now assert that it is legally different and not subject to suit or must admit that the Board of Governors should be allowed in as a defendant.

The Board of Governors, similarly, will not be prejudiced by the lack of specific naming of the proposed defendant in the proceedings before the Rhode Island Commission for Human Rights and the Equal Employment Opportunity Commission. Although the Board of Governors was not specifically "named" in the charge before the Commissions, the Board of Governors is identical with the University of Rhode Island. See, *Alvarado v. Board Of Trustees of Montgomery Community College*, 848 F.2d 457

(4th Cir. 1988). As the Board of Governors and the University are legally identical under the statutory framework asserted by the defendant University of Rhode Island, the naming requirement was satisfied in both Commission proceedings. The statutory relationship asserted by the defendant University of Rhode Island and the factual relationship in the papers presented to this Court also satisfy the "substantial identity" exception to the naming requirement. In *McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498 (1st Cir. 1996), the First Circuit recognized the "substantial identity" exception referenced in *Curran v. Portland Super. Sch. Committee*, 435 F.Supp 1063 (D.Maine 1977) and more fully stated in *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3rd Cir. 1977).

> *Glus* set forth four factors to consider in determining whether an unnamed party in the EEOC charge may still properly be a defendant in a subsequent Title VII action:
>
> > "1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests to the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party."
>
> 562 F.2d at 888.
>
> Significantly, none of the *Glus* factors is to be independently decisive. Rather, each criteria must be considered with respect to the purposes of Title VII and the interests of the parties. Glus v. G.C. Murphy Co., 629 F.2d 248, 251 (3d.Cir. 1980), *vacated on other grounds sub nom., Retail, Wholesale & Department Store Union, AFL-CIO v. G.C. Murphy,* 451 U.S. 935, 101 S.Ct. 2013, 68 L.Ed.2d 321 (1981).

*Sandom v. Travelers Mortg. Services, Inc.*, 752 F.Supp 1240, fn 8 (D.N.J. 1990).

The second, third and fourth factors of those set forth in *Glus* are satisfied in this matter. As addressed above, the defendant University of Rhode Island and the Board of Governors are legally identical thereby satisfying the second factor. The Board of Governors entry of its appearance in this matter from the outset of this court case, the deference of counsel for the Board of Governors to counsel hired by the Board to represent the University of Rhode Island, the representation of the University of Rhode Island by its General Counsel, an agent of the Board of Governors, before the Commissions as well as the University representations before the Commissions satisfy the third and fourth factor.

Based on the foregoing, the plaintiff respectfully requests this Honorable Court to grant leave to file an amended complaint in the form submitted herewith.

Respectfully submitted:
JOSEF GORRES
By and through his attorney

David S. Cass, #5044
194 Waterman Street
Providence, RI 02906
(401) 272-2627
Fax: (401) 272-2708

CERTIFICATION

I hereby certify that I a true copy of the foregoing document was mailed, first class mail, postage prepaid this 7th day of ~~August~~ September 2005 to:

Jeffrey Michaelson, Esquire
Michaelson & Michaelson
P.O. Box 622
North Kingstown, RI 02852

Timothy Dodd, Esquire
215 Broadway
Providence, RI 02903