UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSEF GORRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-319-T |
| | ) | |
| THE UNIVERSITY OF RHODE ISLAND, | ) | |
| | ) | |
| Defendant. | ) | |

**UNIVERSITY OF RHODE ISLAND'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT[1]**

Defendant, University of Rhode Island, hereby opposes Motion to Amend Complaint, filed on or about August 11, 2005. In support of this Opposition, the Court is respectfully referred to the Memorandum in Support of University of Rhode Island's Opposition to Plaintiff's Motion to Amend Complaint, filed together with this Opposition.

Respectfully submitted,
The University of Rhode Island,
By its attorneys,

Date: 8/29/05

Timothy J. Dodd (jr)

Timothy J. Dodd, Esq. (#3150)
215 Broadway
Providence, R.I. 02903
Telephone: (401)272-3900
Facsimile: (401)331-1440

Date: 8/29/05

Jeffrey S. Michaelson, Esq. (#3299)
Michaelson & Michaelson
P.O. Box 622
North Kingstown, R.I. 02852
Telephone: (401) 295-4330
Facsimile: (401) 195-5220

[1] Plaintiff filed a Motion for Leave to File a Motion to Amend at the same time as the proposed Motion to Amend. Presumably, the Motion to Amend was filed subject to the Court's ruling on the Motion for Leave. Accordingly, this Opposition is filed provisionally, pending the Court's determination of Plaintiff's Pending Motion for Leave to File the Motion to Amend.

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing document was mailed, by regular mail, postage prepaid, on this 29 day of Sept, 2005, to the following attorney(s) of record:

David S. Cass
194 Waterman Street
Providence, R.I. 02906

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSEF GORRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-319-T |
| | ) | |
| THE UNIVERSITY OF RHODE ISLAND, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**UNIVERSITY OF RHODE ISLAND'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

## I. INTRODUCTION

This matter was commenced by Plaintiff, Josef Gorres, against the University of Rhode Island. The Complaint emanates from Plaintiff's unsuccessful application for a tenure-track position at the University. In a nutshell, Plaintiff alleges that: 1) the position was offered to a female applicant who Plaintiff agrees was more qualified than he was; 2) the successful applicant declined the position; 3) Plaintiff was not offered the position despite the fact that he alleges that he was qualified for it; and 4) the failure of the University to offer Plaintiff the position was based upon his gender (*i.e.*, reverse gender discrimination), his age, and his national origin.

Suit was commenced following an administrative Charge of Discrimination which appears to have been co-filed pursuant to R.I. and Federal law against the University of Rhode Island. Plaintiff alleges he received a Right to Sue letter regarding certain of his claims (those requiring administrative exhaustion), and commenced the instant suit, against the University of Rhode Island.

The claims include:

- Age discrimination pursuant to federal statute, the Rhode Island Fair Employment Practices Act ("FEPA") and the R.I. Civil Rights Act ("RICRA");
- National Origin discrimination pursuant to all the same statutes;
- Gender (reverse) discrimination pursuant to all the same statutes.

The matter was answered in the name of the designated Defendant, the University of Rhode Island, and, among the affirmative defenses pled at that time were the following:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The University of Rhode Island is not an entity which may be sued in its own right.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims, or some of them, are barred by the failure to exhaust administrative remedies, including, but not limited to the extent that the claims exceed the scope of any administrative complaint or charge.

In addition, it is counsel's recollection that, at the initial Chambers Conference in this matter, the University indicated that it had raised a defense based upon the fact that the administrative Charge of Discrimination was against the University of Rhode Island, an entity which Defendant contends cannot be sued in its own name.

Plaintiff has now moved to amend the Complaint to add the Rhode Island Board of Governors for Higher Education as an additional Defendant. For the reasons which follow, the University of Rhode Island respectfully suggests that the Motion should be denied.

## II. ARGUMENT

While leave to amend pleadings should be freely given, such leave should not be given where it would be futile. *Van Daam v. Chrysler First Financial Serv's. Corp.*, 124 F.R.D. 32 (D.R.I. 1989); *Council for Employment and Economic Energy Use v. WHDH Corp.*, 580 F.2d 9 (1st Cir. 1989). In this case, Defendant believes that the proposed Amendment would not materially alter the legal landscape and, as such, would serve no legal purpose – in short, as the University understands Plaintiff's argument, the amendment would be futile.

### A. <u>The Entry of Appearance.</u>

Plaintiff asserts that the "Board of Governors" entered its appearance in this matter in September, 2004 in the form of an Entry signed by the General Counsel of the Board of Governors. In fact, as is clear in the Entry, it was on behalf of the named Defendant, as it clearly states: "The undersigned hereby enters her appearance on behalf of the Defendant, *The University of Rhode Island*, in the above-referenced matter." (Emphasis added).[1]

### B. <u>The Proceedings Before the R.I. Commission for Human Rights.</u>

Plaintiff asserts that the University, at the administrative level, "accepted its position as respondent without reference to the requirement that the Board of Governors be included." Plaintiff's Memorandum, p.2. Respectfully, it is not the duty of the University to refer to any legal infirmity in a Charge of Discrimination.

Having said that, and as will be discussed below, whatever happened before the Commission, and whatever legal effect it may have, cannot be changed as a matter of fact. Whatever the legal ramifications and results are which flow from such facts, the facts are the

---

[1] It is *not* the position in this lawsuit that the Board of Governors did not have notice of this suit.

facts. And those facts, as they pertain to Commission proceedings, remain unchanged regardless of whether the Complaint is amended. Put another way, Plaintiff is not seeking to amend the allegations about who was named before the Commission, just arguing as to what the legal effect, if any, of such proceedings are in this Court. Those arguments do not require or support an amendment of the Complaint in this matter.

### C. **The "Identity" of the University of Rhode Island and the Board of Governors.**

The crux of Plaintiff's argument, as the University understands it, is that the University and the Board of Governors are, in effect, legal alter egos, and that by naming one, Plaintiff has named the other. While discussed in greater detail below, the University's response, in sum, is that if that is so, no amendment is either necessary or legally significant.

Plaintiff cites *Alvarado v. Board of Trustees of Montgomery Community College*, 848 F.2d 457 (4th Cir. 1988) in support of its argument that the naming of the University before the Commission was legally tantamount to naming the Board of Governors. A number of points are worth noting. First, the Fourth Circuit did, indeed, decline to support the "hypertechnical" defense (848 F.2d at 458) which the District Court found meritorious in granting Summary Judgment in favor of a number of Defendants who had not been named in the administrative proceeding.

Having said that, the Fourth Circuit's reversal addressed two other issues which are worth noting. First, its rejection of a technical defense was specifically noted to be in part due to the fact that the administrative complaint was filed by a lay Complainant. 848 F.2d at 460. Second, in the *Alvarado* case, unlike Rhode Island, the identity of Board and College was predicated, it appears, on the fact that by statute in Maryland a separate Board of Trustees for the specific

College which allegedly discriminated in that case was created. Here, the R.I. Board of Governors' 'jurisdiction' is not limited to the University of Rhode Island. These two distinctions between the instant matter and *Alvarado* may, or may not be, distinctions without a difference, but, at least, it is clear that they are distinctions.[2]

More importantly, the crux of Plaintiff's argument based on *Alvarado* appears to be that, by naming the University, he has named the Board. If that is so, then there is no purpose to the amendment. Conversely, if this contention is not correct, the proposed amendment has no legal effect.

### D. <u>Substantial Identity</u>.

Similarly, Plaintiff argues, by suggesting substantial identity between the University and the Board of Governors, that he has, in naming the University, effectively named the Board of Governors. Again, though discussed more fully below, if Plaintiff is correct, then the amendment is not necessary.

Plaintiff notes that the First Circuit Court, in *McKinnon v. Kwong Wah Restaraunt*, 83 F.3d 498 (1st Cir. 1996) cited with approval the *Glus* Court's recognition of the 'substantial identity' test to determine whether a party sued civilly is legally identical to a Charged party in an administrative proceeding. However, it is important to note that the First Circuit decision in *McKinnon* was based in large part on the *failure of the Defendant, in that case*, to assert a defense based on the failure to name parties in the administrative proceeding – Defendants that were defaulted were deemed to have waived the argument.

Thus, while the First Circuit recognized the substantial identity test in *McKinnon*, it

---

[2] As should be clear, the University has limited itself, in this Memorandum, to the issue of whether amendment of the Complaint is appropriate and has not sought to address the legal issues which will be raised in due course regarding the asserted defenses.

appears not to have applied it. Where the Court specifically ruled that the failure to raise a defense on that basis was waived by *not raising it*, query the applicability of the case in a matter where, as here, the defense *was* raised.

Plaintiff goes on to suggest an application of the *Glus* factors in this case, arguing that the University and the Board of Governors are 'substantially identical.' Without addressing that issue head on (at this point), the University notes that, *if that argument were persuasive*, the result would be that the rationale for amending the Complaint would be obviated.

## III. CONCLUSION

Plaintiff in this matter has filed a Motion to Amend the Complaint to address the University's contention that the failure to file a Charge of Discrimination against the Board of Governors is a legally fatal flaw to proceeding on statutory claims which require administrative exhaustion. For the foregoing reasons, Defendant respectfully submits that the proposed Amendment would not alter or even affect the merits of the legal issue raised by the Defendant and, as such, would be futile.

Respectfully, sink or swim, both the Plaintiff's and the University's legal positions appear unaffected by the proposed amendment. Where it would serve no discernible purpose, Defendant respectfully submits that the Motion to Amend should be denied.

Respectfully submitted,
The University of Rhode Island,
By its attorneys,

Date: 8/29/05

Timothy J. Dodd (gr)

Timothy J. Dodd, Esq. (#3150)
215 Broadway
Providence, R.I. 02903
Telephone: (401)272-3900
Facsimile: (401)331-1440

Date: 8/29/05

Jeffrey S. Michaelson, Esq. (#3299)
Michaelson & Michaelson
P.O. Box 622
North Kingstown, R.I. 02852
Telephone: (401) 295-4330
Facsimile: (401) 195-5220

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing document was mailed, by regular mail, postage prepaid, on this 29 day of Aug., 2005, to the following attorney(s) of record:

David S. Cass
194 Waterman Street
Providence, R.I. 02906