**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

JOSEF GORRES

*vs.* C.A. No.: 04-319T

THE UNIVERSITY OF RHODE ISLAND and
THE RHODE ISLAND BOARD OF GOVERNORS
FOR HIGHER EDUCATION

# AMENDED COMPLAINT

## I. INTRODUCTION

1. This action seeks compensatory damages, consequential damages, punitive damages and reimbursement for all costs and attorneys fees for discrimination based upon age, gender and nationality suffered by the Plaintiff due to the actions of the Defendants in this matter and its unfair employment practices.

## II. JURISDICTION

2. This action arises under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. § 28-5-1 *et seq.*, the Rhode Island Civil Rights Act of 1990, R.I.G.L. § 42-112-1, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

## III. VENUE

3. This action properly lies in the District of Rhode Island pursuant to 29 U.S.C. § 1391(b) because the claim arose in this judicial district, pursuant to 29 U.S.C § 626(c)(1) and pursuant to 42 U.S.C. § 2000(e-5)(f-3) because the unlawful employment practice was committed in this district and/or the employment records relevant to the unlawful employment practices are maintained and administered in this district.

## IV. RIGHT TO SUE

4. The Plaintiff in the above-captioned action filed a complaint of discrimination with the Rhode Island Commission for Human Rights and the Equal Employment Opportunity Commission.

5. More than 180 days have passed since filing the complaint with the Rhode Island Human Rights Commission and the Equal Employment Opportunity Commission. Less than two years have passed since the filing of the complaint with the Rhode Island Human Rights Commission and the EEOC.

6. Plaintiff filed with the Rhode Island Human Rights Commission and the EEOC a letter requesting a right to sue pursuant to state and federal law. The Rhode Island Human Rights Commission and the EEOC each issued a right to sue letter for the plaintiff.

## V. FACTS

7. Plaintiff, Josef Görres, is a resident of the State of Rhode Island.

8. The plaintiff is male.

9. The plaintiff is more than 40 years old.

10. The plaintiff is a German citizen.

11. The defendant, The University of Rhode Island (hereinafter referred to as "URI") is an educational institution that exists as a division of the administrative government of the State of Rhode Island with its principal place of business being in the State of Rhode Island.

12. The defendant, the Rhode Island Board of Governors for Higher Education (hereinafter "Board of Governors"), is a statutorily created Rhode Island public corporation.

13. The Board of Governors is statutorily assigned the duty of control, management and operation of the University of Rhode island.

14. The plaintiff became employed by URI, and thereby the Board of Governors, in 1992.

15. The defendants advertised an open position of Terrestrial Biogeochemist in 2001.

16. The plaintiff timely applied for the advertised opening in or about April 2002.

17. The defendants, by use of a search committee, reduced the applicants for the position of Terrestrial Biochemist to a short list of five candidates of which three, including the plaintiff, were chosen to interview at the University.

18. Members of the search committee established to assist in the hiring for the open position used age and gender as determinative factors in selecting the applicants.

19. During the interview of plaintiff, the Associate Dean, Dr. Nixon, inquired about whether plaintiff, a German citizen, is a "citizen of the world" or a "citizen of the United States".

20. After interviews were completed, the search committee and department narrowly ranked Dr Bernhardt, a young female, as the top candidate and plaintiff, an older male, second.

21. At the end of December 2002, the defendants received the Request to Hire form (AA3) from the search committee chair authorizing Dr. Bernhardt and the plaintiff for hiring for the open position.

22. In January 2003, Emily Bernhardt was invited to take the position.

23. The University made exhaustive attempts to provide Dr. Bernhardt's spouse a position of employment with the University even though this is against the normal policies of the University.

24. In March 2003, the Dean, Dr. Jeffrey Seemann, defended his extending special accommodations to Dr. Bernhardt and in so doing, referenced her gender and age.

25. The Associate Dean Cathy Roheim stated that the department needs a woman and the Dean called the members of the department a bunch of white males.

26. In April 2003, Emily Bernhardt declined the offer.

27. The defendants failed and refused to hire the next ranked and approved candidate, the plaintiff, a German male in his forties.

28. The defendants thereafter closed the search and failed and refused to hire for the position.

29. The defendants failed and refused to hire the plaintiff for a position for which he was qualified solely based upon his age, gender and nationality.

**COUNT I**
**Rhode Island Fair Employment Practices Act,**
**R.I.G.L. § 28-5-1 et seq.**

30. Plaintiff hereby re-alleges and reasserts paragraphs 1 through 29 as if fully set forth herein.

31. The Plaintiff was refused a position of employment for which he was qualified solely based upon his age, gender and nationality.

32. The actions of the defendants set forth above discriminated against the plaintiff based upon his gender, age and nationality in violation of Rhode Island General Laws § 28-5-7.

33. Said discrimination was intentional.

34. The actions of the defendants set forth above constitute a violation of the State Fair Employment Practices Act, Rhode Island General Laws 28-5-1, et seq.

35. As a result of the defendants' actions the plaintiff suffered a loss of employment, lost wages, lost benefits including tenure.

WHEREFORE, plaintiff prays this Honorable Court award him compensatory damages and all other damages authorized by statute, Rhode Island General Laws 28-5-24(b) and 28-5-29.1 as well as his costs of litigation and reasonable attorneys' fees pursuant to Rhode Island General Laws § 28-5-24(a).

**COUNT II**
**Rhode Island Civil Rights Act of 1990,**
**R.I.G.L. § 42-112-1, et seq.**

36. Plaintiff hereby re-alleges and reasserts paragraphs 1 through 35 as if fully set forth herein.

37. The Plaintiff was refused a position of employment for which he was qualified solely based upon his age, gender and nationality.

38. Said discrimination was intentional.

39. The actions of the defendants set forth above constitute a violation of the Civil Rights Act of 1990, Rhode Island General Laws § 42-112-1, et seq.

40. As a result of the defendants' actions the plaintiff suffered a loss of employment, lost wages, and lost benefits including tenure.

WHEREFORE, plaintiff prays this Honorable Court award him compensatory damages and all other damages authorized by statute well as his costs of litigation and reasonable attorneys' fees pursuant to Rhode Island General Laws § 42-112-2.

**COUNT III**
**Age Discrimination in Employment Act of 1967**
**29 U.S.C. § 621, *et seq.***

41. Plaintiff hereby re-alleges and reasserts paragraphs 1 through 40 as if fully set forth herein.

42. The defendants refused the Plaintiff employment based upon his age.

43. Said discrimination was intentional.

44. The actions of the defendants set forth above constitute a violation of Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*

45. As a result of the defendants' actions the plaintiff suffered a loss of employment, lost wages, and lost benefits including tenure.

WHEREFORE, plaintiff respectfully requests this Honorable Court award him compensatory damages and all other damages authorized by statute as well as his costs of litigation and reasonable attorneys' fees pursuant to statute.

**COUNT IV**
**Title VII of the Civil Rights Act of 1964,**
**42 U.S.C. § 2000e, *et seq.***

46. Plaintiff hereby re-alleges and reasserts paragraphs 1 through 45 as if fully set forth herein.

47. The Plaintiff was refused a position of employment for which he was qualified based upon his gender and nationality.

48. The actions of the defendants set forth above discriminated against the plaintiff based upon his gender and nationality in violation of United States Code § 2000e-2(a)(1) and (2) and United States Code § 1981a.

49. Said discrimination was intentional.

50. As a result of the defendants' actions the plaintiff suffered a loss of employment, lost wages, lost benefits including tenure.

WHEREFORE, plaintiff respectfully requests this Honorable Court award him compensatory damages and all other damages authorized by statute, as well as his costs of litigation and reasonable attorneys' fees pursuant to statute.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,
Josef Görres
By and through his attorney,

David S. Cass, #5044
194 Waterman Street
Providence, RI 02906
(401) 272-2627
Fax: (401) 272-2708

**CERTIFICATION**

I hereby certify that I a true copy of the foregoing document was mailed, first class mail, postage prepaid this 18th day of October 2005 to:

Jeffrey Michaelson, Esquire
Michaelson & Michaelson
P.O. Box 622
North Kingstown, RI 02852

Timothy Dodd, Esquire
215 Broadway
Providence, RI 02903