UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOSEF GORRES, )
Plaintiff, )
v. ) C.A. No. 04-319-T
THE UNIVERSITY OF RHODE )
ISLAND and THE RHODE ISLAND)
BOARD OF GOVERNORS FOR )
HIGHER EDUCATION, )
Defendants. )

**ANSWER AND JURY CLAIM OF RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION TO AMENDED COMPLAINT**

Now comes the Rhode Island Board of Governors for Higher Education ("BOG) and Answers the Amended Complaint in this matter, according to the numbered paragraphs, as follows:

## I. INTRODUCTION

1. This paragraph makes no factual allegation to which a response is required. To the extent that anything contained within this paragraph could result in liability on the part of BOG, such allegation is denied.

## II. JURISDICTION

2. This paragraph makes no factual allegation to which a response is required. To the extent that anything contained within this paragraph could result in liability on the part of BOG, such allegation is denied.

## III. VENUE

3. This paragraph makes no factual allegation to which a response is required. To the extent that anything contained within this paragraph could result in liability on the part of BOG, such allegation is denied.

## IV. RIGHT TO SUE

4. Admitted that Plaintiff filed a Charge of Discrimination. BOG affirmatively asserts that such Charge did not name BOG.

5. BOG neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of BOG, such allegation is denied.

6. BOG neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of BOG, such allegation is denied. Notwithstanding the foregoing, BOG affirmatively asserts that any Right to Sue letter did not authorize or relate to any suit to be commenced against BOG.

## V. FACTS

7. BOG is without sufficient information to admit or deny this paragraph, but believes it to be true.

8. Admitted.

9. BOG is without sufficient information to admit or deny this paragraph, but believes it to be true.

10. BOG neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of BOG, such allegation is denied.

11. Denied.

12. Admitted.

13. Admitted.

14. BOG neither admits nor denies this paragraph, but leaves plaintiff to **his** proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of BOG, such allegation is denied.

15. Admitted that the University of Rhode Island ("URI") advertised the position.

16. Admitted that Plaintiff applied for the position.

17. Admitted that URI used a search committee which eventually interviewed three candidates, including Plaintiff. Otherwise, BOG neither admits nor denies this paragraph, but leaves plaintiff to his proof.

18. Denied.

19. BOG neither admits nor denies this paragraph, but leaves plaintiff to his proof. However, to the extent that any allegation contained in this paragraph could create liability on the part of BOG, such allegation is denied.

20. Denied. The use of the term "narrowly" implies the Plaintiffs rating was close to the selected applicant in terms of demonstrated capability and talent, which BOG denies. The selected applicant was far above Plaintiff in terms of what the University was looking for. Because of the way the final selection was made, with only three applicants to be selected and a thus limited ranking among a limited number of applicants and a limited number of members of the search committee, Plaintiff has asserted that he was a 'close' second, but BOG denies that is the case, and such assertion is only an artifact of the process which was employed to make the selection.

21. Denied as stated. Admitted that the University procedure was followed including the preparation of and submission of the AA3 form to the appropriate URI personnel. Further denied that the form "authorized" the plaintiff, or any other person, for hiring. The form, from the Search Committee selected an applicant other than Plaintiff for the position and was passed on. The Search Committee has no power to authorize any person for hiring.

22. Denied as stated. Admitted that the individual named was offered the position consistent with her selection by the Search Committee.

23. Denied. Admitted that discussions took place with the Department as to whether a spousal accommodation could be made to the selected applicant's spouse. Denied that any actions were taken which were "against the normal policies of the University."

24. Denied.

25. Denied.

26. Admitted.

27. Denied as stated. Admitted that, following the declination referenced in Par. 26, no further offer was extended to any applicant, including Plaintiff. Denied that Plaintiff was "approved."

28. Denied as stated. Admitted that, following the declination referenced in Par. 26, no further offer was extended to any applicant, including Plaintiff.

29. Denied. Plaintiff was not hired because he lacked the appropriate skills, experience and other attributes which the position required.

**<u>COUNT I (R.I. FEPA)</u>**

30. BOG incorporates its responses to paragraphs 1 through 29 as if set forth here.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

**Praver for Relief**

Denied that Plaintiff is entitled to the relief sought.

**COUNT II (RI CRA)**

36. BOG incorporates paragraphs 1 through 35 as if set forth here.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

**Praver for Relief**

Denied that Plaintiff is entitled to the relief sought.

**COUNT III (ADEA)**

41. BOG incorporates paragraphs 1 through 40 as if set forth here.

42. Denied.

43. Denied.

44. Denied.

45. Denied

**Praver for Relief**

Denied that Plaintiff is entitled to the relief sought.

**COUNT IV (Title VII)**

46. BOG incorporates paragraphs 1 through 45 as if set forth here.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

**Praver for Relief**

Denied that Plaintiff is entitled to the relief sought.

***DEFENDANT CLAIMS TRIAL BY JURY ON ALL ISSUES SO T U B L E***

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs claims, or some of them, are barred by the failure to exhaust administrative remedies, including, but not limited to the extent that the claims exceed the scope of any administrative complaint or charge and to the extent that any such Charge was not made against the Board of Governors.

**THIRD AFFIRMATI E DEFENSE**

Plaintiffs claims, or some of them, are barred by applicable statutory or regulatory provisions limiting the time in which claims may be made and/or by the equitable doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs claims, or some of them, are barred by provisions contained in one or more collective bargaining agreements to which Plaintiff may have been a party through his union affiliation, which collective bargaining agreement provisions may provide the sole and exclusive remedy for some or all of Plaintiffs claims.

**FIFTH AFFIRMATI DEFENSE**

Plaintiffs claims, or some of them, are barred by his failure to proceed through and exhaust internal investigation, complaint and compliance procedures.

**SIXTH AFFIRMATIVE DEFENSE**

BOG used reasonable care to prevent and correct any discrimination, including providing reasonable policies containing complaint procedures that were disseminated to employees and Plaintiff unreasonably failed to make a complaint under the policy and/or to avoid harm otherwise.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs claims, or some of them, are barred, because not timely filed.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs claims, in whole or in part, are barred by his failure to mitigate damages.

**NINTH AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over some or all of Plaintiffs claims.

Rhode Island Board of Governors
for Higher Education,
By its attorneys,

Date: 10/21/05

Timothy J. Dodd (JR)

Timothy J. Dodd, Esq. (#3150)
215 Broadway
Providence, R.I. 02903
Telephone: (401)272-3900
Facsimile: (401)331-1440

Date: 10/21/05

Jeffrey S. Michaelson, Esq. (#3299)
Michaelson & Michaelson
P.O. Box 622
North Kingstown, R.I. 02852
Telephone: (401) 295-4330
Facsimile: (401) 885-7199

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing document was mailed, by regular mail, postage prepaid, on this 2 day of Oct., 2005, to the following attorney(s) of record:

David S. Cass
194 Waterman Street
Providence, R.I. 02906

Sandra A. Lanni
General Counsel
R.I. Board of Governors for Higher Ed.
301 Promenade Street
Providence, R.I. 02903

______________________________