UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOSEF GORRES, )
)
Plaintiff, )
)
v. ) C.A. No. 04-319-T
)
THE UNIVERSITY OF RHODE )
ISLAND and THE RHODE ISLAND)
BOARD OF GOVERNORS FOR )
HIGHER EDUCATION, )
)
Defendants. )

**UNIVERSITY OF RHODE ISLAND'S MOTION TO DISMISS**

The "University of Rhode Island" hereby moves, pursuant to Rule 12(b)(6), Fed. R. Civ. Proc., that all claims against it be dismissed for failure to state a claim upon which relief may be granted.

In support of this Motion, the "University of Rhode Island" respectfully refers the Court to the Memorandum in Support of University of Rhode Island's Motion to Dismiss, filed together with this Motion.

Respectfully submitted,
The University of Rhode Island,
By its attorneys,

Date: 10/21/05

Jeffrey S. Michaelson, Esq. (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
Telephone: (401) 295-4330
Facsimile: (401) 295-4330

Timothy J. Dodd (g)

Timothy J. Dodd, Esq. (#3150)
215 Broadway
Providence, R.I. 02903
Telephone: (401)272-3900
Facsimile: (401)331-1440

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing document was mailed, by regular mail, postage prepaid, on this 21 day of Oct ,2005, to the following attorney(s) of record:

David S. Cass
194 Waterman Street
Providence, R.I. 02906

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOSEF GORRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-319-T |
| | ) | |
| THE UNIVERSITY OF RHODE ISLAND and THE RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF**
**UNIVERSITY OF RHODE ISLAND'S MOTION TO DISMISS**

Respectfully submitted,
The University of Rhode Island,
By its attorneys,

Date: 10/21/05

Jeffrey S. Michaelson, Esq. (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
Telephone: (401) 295-4330
Facsimile: (401) 295-5220

Timothy J. Dodd (JSM)

Timothy J. Dodd, Esq. (#3150)
215 Broadway
Providence, R.I. 02903
Telephone: (401)272-3900
Facsimile: (401)331-1440

## TABLE OF CONTENTS


I. PLEADINGS 3

II. DESCRIPTION OF MOTION 3

III. FACTS 4

IV. ISSUES 4

V. POINTS AND AUTHORITIES 4

VI. CONCLUSION 5

## I. PLEADINGS

The original Complaint in this matter is filed on behalf of Plaintiff, Josef Gorres, against Defendant "The University of Rhode Island" ("URI" or "the University"). The Complaint was recently amended to add as a defendant, the Rhode Island Board of Governors for Higher Education. The Amended Complaint did not otherwise, to the best of the "University of Rhode Island"'s knowledge, alter the original allegations.

The Amended Complaint, generally, alleges unlawful discrimination arising from Plaintiffs unsuccessful application for a tenure-track position at the University of Rhode Island. Amended Complaint, Par. 7-29. Plaintiff alleges that the University's failure to offer him the position after the job was declined by another applicant, a younger (than Plaintiff) female, constituted unlawful discrimination. Complaint, Counts I-IV. Plaintiff alleges that he was ranked second of three 'finalists' who were given on-campus personal interviews. Amended Complaint, Par. 20.

Plaintiffs allegations include:

COUNT I: Unlawful refusal to hire based upon gender, age and nationality, R.I. Fair Employment Practices Act ("FEPA"), R.I.G.L. 28-5-1, ***et seq.***

COUNT II: Unlawful refusal to hire based upon gender, age and nationality R.I. Civil Rights Act ("CRA"), R.I.G.L. 42-112-1, ***et seq.***

COUNT III: Unlawful refusal to hire based upon Age, Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, ***et seq.***

COUNT IV: Unlawful refusal to hire based on gender and nationality, Title VII, 42 U.S.C. §2000e, ***et seq.***

The Board of Governors answered the Complaint, denying the allegation of discrimination.

## II. DESCRIPTION OF MOTION

This is a Motion to Dismiss claims asserted against "the University of Rhode Island." The Motion is made pursuant to Rule 12(b)(6), failure to state a claim upon which relief may be granted. The "University of Rhode Island" asserts that there is no such legal entity which has the capacity to

be sued and, as such, a suit nominally against the University should be dismissed. The "University," on that basis, does not seek dismissal of Plaintiffs claims against the Board of Governors.

## III. FACTS

The facts relevant to this Motion, it is believed, are set forth in the Section denominated "Pleadings" which, in the course of describing the nature of Plaintiffs claims outline the factual background.

Very briefly, Plaintiff alleges that he applied for an advertised position, went through the search process and was not offered the job. He contends that when the applicant who was offered the position declined, he was entitled to the job, as the (he claims) second place finisher and claims that he was denied the offer because of his age (over forty), nationality (German) and gender (male).

## IV. ISSUES

Is the "University of Rhode Island" a legal entity which may be sued?

## V. POINTS AND AUTHORITIES

Rule 17, Fed. R. Civ. Proc. provides, in part:

> (b) CAPACITY TO SUE OR BE SUED. The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States, and (2) that the capacity of a receiver appointed by a court of the United States to sue or be sued in a court of the United States is governed by Title 28, U.S.C., §§ 754 and 959(a).

R.I.G.L. 16-32-2 provides:

> The change in name [to "University of Rhode Island"] shall in no way affect the powers and duties of the board of governors for higher education defined in chapter 59 of this title; and the board of governors for higher education shall be responsible for the control, management, and operation of the University of Rhode Island in the same manner as previously it was responsible for the control, management, and

operation of it under the name of Rhode Island State College.

R.I.G.L. **16-59-1** provides, in part:

> (a) There is created a board of governors for higher education, sometimes referred to as the "board" or the "board of governors", which shall be and is constituted a public corporation, empowered to sue and be sued in its own name, to have a corporate seal, and to exercise all the powers, in addition to those specifically enumerated in this chapter, usually appertaining to public corporations entrusted with control of postsecondary educational institutions and functions. The board shall be protected from sudden changes in membership and reversal of policy by having staggered terms for its public members. Upon its organization the board of governors shall be invested with the legal title (in trust for the state) to all property, real and personal, now owned by and/or under the control or in custody of the board of regents for education for the use of the University of Rhode Island, Rhode Island College, Community College of Rhode Island and the system of community colleges of Rhode Island including all departments, divisions, and branches of these.
>
> (b) The board of governors is empowered to hold and operate the property in trust for the state; to acquire, hold, and dispose of the property and other like property as deemed necessary for the execution of its corporate purposes. The board of governors is made successor to all powers, rights, duties, and privileges formerly belonging to the board of regents for education pertaining to postsecondary education.

These two provisions make it clear that the "University of Rhode Island" is not a legal entity in its own right but, rather, an educational institution whose property is titled to the Board of Governors, is controlled by the Board of Governors and has no legal existence which gives it the legal capacity to be sued. See, *e.g.*, University of Rhode Island v. Chesterton, 2 F.3d 1200 (1" Cir. 1993)(Board of Governors is real party in interest in suit related to University).

Furthermore, it is clear that the "University of Rhode Island," under any circumstances, is not an additional viable defendant in a matter where the Board of Governors is a named defendant.

## VI. CONCLUSION

For the foregoing reasons, the "University of Rhode Island Respectfully prays that all claims nominally brought against the University be dismissed for failure to state a claim upon which relief may be granted.

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing document was mailed, by regular mail, postage prepaid, on this 21 day of October, 2005, to the following attorney(s) of record:

David S. Cass
194 Waterman Street
Providence, R.I. 02906

[signature]