UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSEF GORRES,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF RHODE ISLAND and THE RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION,<br><br>Defendants. | ) | C.A. No. 04-319-T |

**R.I. BOARD OF GOVERNORS SUPPLEMENT TO MOTION FOR SUMMARY JUDGMENT**

As permitted by this Court's October 28, 2005 Order, the Rhode Island Board of Governors for Higher Education hereby joins the Motion for Summary Judgment filed by the University of Rhode Island on or about October 7, 2005.

In support of this Supplement, the Court is respectfully referred to the Memorandum in Support of University of Rhode Island's Motion for Summary Judgment, which is incorporated and adopted in support hereof, more specifically, Sections A through G of the Points and Authorities of that Memorandum and the Statement of Undisputed Facts, both filed on or about October 7, 2005. In addition, the Court is respectfully referred to the Supplemental Memorandum In Support of R.I. Board of Governors Motion for Summary Judgment, filed together with this Supplement to Motion.

Respectfully submitted,
The University of Rhode Island,
By its attorneys,

Date: 11/3/05

Jeffrey S. Michaelson, Esq. (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
Telephone: (401) 295-4330
Facsimile: (401) 295-5220

Timothy J. Dodd, Esq. (#3150)
215 Broadway
Providence, R.I. 02903
Telephone: (401)272-3900
Facsimile: (401)331-1440

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing document was mailed, by regular mail, postage prepaid, on this 3 day of Nov., 2005, to the following attorney(s) of record:

David S. Cass
194 Waterman Street
Providence, R.I. 02906

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOSEF GORRES, )
)
Plaintiff, )
)
v. ) C.A. No. 04-319-T
)
THE UNIVERSITY OF RHODE )
ISLAND and THE RHODE ISLAND)
BOARD OF GOVERNORS FOR )
HIGHER EDUCATION, )
)
Defendants. )

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF R.I. BOARD OF GOVERNORS MOTION FOR SUMMARY JUDGMENT**

In addition to those arguments raised in the University of Rhode Island's Memorandum in Support of Motion for Summary Judgment, Sections A through G of the Points and Authorities, the R.I. Board of Governors for Higher Education ("Board of Governors") hereby supplements its Memorandum, as permitted by this Court's October 28, 2005 Order, as follows:

A. Plaintiff Has Failed To Exhaust Administrative Remedies Against The Board Of Governors.

In this matter, Plaintiff commenced and pursued his Charge of Discrimination against the "University of Rhode Island." At the time, Plaintiff was represented by counsel. *See* Exhibit A, attached. As noted in the initial Memorandum in support of the Motion for Summary Judgment, the "University of Rhode Island" is not a legal entity which can be sued.

The Charge of Discrimination was processed against the "University of Rhode Island," a Right to Sue letter was issued naming the "University of Rhode Island," and this suit was commenced against the "University of Rhode Island."

Plaintiff has now amended the Complaint to add as a defendant the Board of Governors. The Board of Governors is a viable, suable entity. The supplemental issue raised by the Board of

Governors is whether the failure to name the Board of Governors in the administrative proceeding precludes suit under those statutes requiring administrative exhaustion.[1]

Courts have employed a variety of analytic methods to determine whether parties not explicitly named in a Charge of Discrimination may be named in a subsequent lawsuit, *i.e.*, whether the exhaustion requirements as to those unnamed entities has been satisfied. The First Circuit, in *McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498 (1st Cir. 1996) described the law in this regard as follows:

> "[S]everal exceptions have been recognized as sufficient to confer jurisdiction over defendants in a civil action who were not named in the EEOC charges. These exceptions are: (1) if there was "substantial identity" between the respondent named in the EEOC charges and defendants in the civil action; (2) if the named respondent acted as the "agent" of the defendant sought to be included in the civil action, at least when the latter defendant had notice of and participated in the conciliation proceedings; and (3) if the defendant is an "indispensable party" under Fed. R. Civ. P. 19 in order to accord complete relief to the parties." [*Quoting Curran v. Portland Super. Sch. Committee*, 435 F.Supp. 1063 (D.Me. 1977)] at 1074; see also Glus v. G.C. Murphy Co., 562 F.2d 880, 888 (3d Cir. 1977) (in determining if a plaintiff may proceed against parties not named before EEOC, the court should consider whether the plaintiff could ascertain the role of the unnamed party at the time of the EEOC filing; whether the interests of unnamed party are similar to interests of named party; the prejudice to the unnamed party; and whether the unnamed party has represented to the plaintiff that its relationship with the plaintiff is through the named party.)

*Kwong Wah*, at 505. *Kwong Wah* avoided the entire analysis by determining that the Defendant, being in default, waived its right to rely on a misnomer defense. *Id.* at 506.

A number of cases have dealt specifically with administrative complaints against incorrect entities and subsequent suits against 'correct' entities. Many of these cases, in permitting these midfield switches, rely explicitly and seemingly heavily on the *pro se* status of the Plaintiffs at the administrative stage.

---

[1] As counsel has noted, it is not the Board of Governor's contention that it did not have notice of the proceeding before the R.I. Commission for Human Rights. In addition, the Board does not take the position that it did not have notice of this lawsuit upon initial service of the Complaint.

For example, in *Alvarado v. Board of Trustees of Montgomery Community College*, 848 F.2d 457 (4th Cir. 1988), the Fourth Circuit permitted suit to go forward against the Board of Trustees (the appropriate legal entity) despite the charge being filed against the "College" (not a correct legal entity), in part, because the administrative complaint was filed by a lay Complainant. 848 F.2d at 460.

In *Harmon v. Adams & Son Roofing Co.*, 120 F.R.D. 78 (N.D. Ind. 1987) the fact that the Plaintiff filed the EEOC Charge *pro se* against an unincorporated business was an important factor in permitting her to proceed with a suit against the, proper, corporate defendant.

*Golnik v Amato*, 299 F.Supp.2d 8 (D.Conn. 2003) quoted with approval an earlier case from that district which stated that the identity of interest exception only applies where plaintiff is not represented by counsel at the administrative stage. *Id.* at 14.

The Ninth Circuit reversed a dismissal of claims for misnomer of a party in *Sosa v. Hiraoka*, 920 F.2d 1451 (9th Cir. 1990), in part because the Plaintiff had filed the charge *pro se.* In light of that, the Court held that the case could fall into one of the appropriate exceptions to the naming requirement. *Id.* at 1459.

In *Davis v. Weidner*, 596 F.2d 726 (7th Cir. 1979), perhaps the most factually similar of the cited cases to the instant case, a non-tenured professor complained that her teaching contract was not renewed as a result of discrimination. The professor's *pro se* Charge of Discrimination named her university, not the Board of Regents. The Seventh Circuit held:

> Plaintiff consistently named "The University of Wisconsin-Green Bay" as her employer in her discrimination charges. Technically, for the purposes of suit, the University of Wisconsin-Green Bay is not a person but a place. Wisconsin law designates the Board of Regents of the University of Wisconsin System as the corporate entity capable of being sued under Title VII. Wis. Stat. § 36.07. To a layperson, the employer of a teacher at the University of Wisconsin-Green Bay is the University, not a corporate entity created by the state for purposes of suit. And despite the technical discrepancy in plaintiff's formal charges, the Board of Regents appeared by legal counsel through all the administrative proceedings prior to the suit

> in federal court. Thus, the dual objectives of the requirement that charges be filed with the EEOC were met. We are unwilling to penalize a layperson for failing to heed the precise EEOC filing requirements prior to a federal suit pursuant to 42 U.S.C. §§ 2000e Et seq. under these circumstances. See Love v. Pullman Co., 404 U.S. 522, 526-27, 92 S. Ct. 616, 30 L. Ed. 2d 679 (1972). Thus, we conclude that the district court's dismissal of the Board of Regents as a party defendant was improper.

*Id.*, at 729.[2]

Under the circumstances of this case, where Plaintiff was not acting *pro se* in pursuing his Charge of Discrimination, it is respectfully submitted that one of the principal factors for failing to strictly enforce a naming requirement as relied upon in many cases is absent. While it is true that the Board of Governors may have a similar interest to the University, it is likewise true that the Board of Governors interests are far in excess of the University of Rhode Island.

Respectfully, the Board of Governors believes that, under these circumstances, Plaintiff should not be deemed to have exhausted administrative exhaustion requirements against the Board of Governors. Permitting these claims to go forward, under these circumstances, it is suggested, will open a Pandora's Box where every misnomer case will be subject to a case by case analysis. It is precisely for that reason, the Board of Governors respectfully submits, that Courts have been consistent in limiting the circumstances in which an administratively unnamed party may be sued such that Plaintiff's claims against the Board of Governors should not proceed.

For the foregoing reasons, in addition to the reasons set forth in the Memorandum in Support of University of Rhode Island's Motion for Summary Judgment, the R.I. Board of Governors for Higher Education respectfully prays that it be granted Summary Judgment on all claims in this matter which require administrative exhaustion.

---

[2] In *Denny v. Westfield State College*, 25 F.E.P. 957 (D. Mass. 1981), a Charge of Discrimination against a college was deemed to support a lawsuit against the board of trustees. The *Denny* Court surveyed the various cases dealing with the problem, noting that some courts rely heavily on whether a Plaintiff is *pro se* at the Charging stage. Ultimately, the *Denny* Court applied numerous factors to conclude that the board of trustees could be sued despite not having been named.

Date: 11/3/05

Respectfully submitted,
The University of Rhode Island,
By its attorneys,

Jeffrey S. Michaelson, Esq. (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
Telephone: (401) 295-4330
Facsimile: (401) 295-5220

Timothy J. Dodd (JSM)

Timothy J. Dodd, Esq. (#3150)
215 Broadway
Providence, R.I. 02903
Telephone: (401)272-3900
Facsimile: (401)331-1440

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing document was mailed, by regular mail, postage prepaid, on this 3 day of Nov., 2005, to the following attorney(s) of record:

David S. Cass
194 Waterman Street
Providence, R.I. 02906